IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD BAUMANN,

　　　　　　　　　　　　Petitioner,

　　　v.

UNITED STATES OF AMERICA,

　　　　　　　　　　　　Respondent.

Criminal Action Number 3:04CR193-JRS
Civil Action Number 4:06CV273

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court denies Petitioner's Motion to Vacate.

I.

On July 7, 2004, Petitioner pled guilty to Conspiracy to Transfer and Use False Identification Documents, in violation of 18 U.S.C. § 1028(f). On October 6, 2004, Petitioner was sentenced to fifty-one (51) months of imprisonment. Petitioner did not appeal his conviction. Petitioner filed his § 2255 Motion on April 21, 2006. The Government responded to his Motion on May 22, 2006. Petitioner filed a reply on June 12, 2006. This matter is now before the Court for disposition.

II.

When bringing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); United States v. King, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). Baumann, the Petitioner in this case, is pro se. Accordingly, he is subject to a less stringent standard than an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).

III.

Petitioner's § 2255 motion raises several grounds for relief. Petitioner claims that his sentence was based on a defective Pre-Sentence Investigation Report and that the United States Sentencing Guidelines are advisory.

This Court lacks jurisdiction to consider Petitioner's untimely Section 2255 Motion. The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 was amended to provide for a statute of limitations period for the filing of Petitioner's Motion:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall

run from the latest of--

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (West 2006).

Absent appeal from the conviction, judgment becomes final when it is entered. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). The Court entered judgment on October 6, 2004, and the

Petitioner did not pursue direct appellate review. Petitioner could have therefore applied for relief under 28 U.S.C. § 2255 until October 6, 2005. He failed to do so. Consequently, his petition is time-barred.

Petitioner claims that he is entitled to § 2255 relief because of newly discovered evidence, namely, four dismissal orders and a letter attached to his petition. Specifically, Petitioner alleges that the dismissal of pending charges should lower his criminal history category and modify his sentencing guidelines. Petitioner's claim of newly discovered evidence is without merit for two reasons.

First, claims relating to the application of the United States Sentencing Guidelines are not cognizable in a § 2255 petition. Barring "extraordinary circumstances," alleged errors in the application of the Federal Sentencing Guidelines may not be raised in a Section 2255 petition. United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

Second, even if the Court considers Petitioner's "newly discovered evidence," it would have no effect on his criminal history category. None of the dismissal orders attached to Baumann's petition reflect charges that resulted in convictions or sentences. As a result, Petitioner was not assessed criminal history points for those offenses.

Petitioner first attaches an Order from the State of Ohio, Cuyahoga County, City of Lakewood Municipal Court. The Order is dated January 19, 2006 and dismisses charges against the Petitioner for Giving False Information for "want of prosecution." Petitioner's Pre-Sentence Investigation Report (PSR) prepared on August 19, 2004 lists this charge as pending. Because there was no conviction for the offense and no resulting sentence, Petitioner was assessed no criminal history points for the offense.

Petitioner's second attachment is an Order from the State of Ohio, Wayne County Municipal Court. The Order is dated March 20, 2006, and dismisses a charge involving falsification. The state expressed that it did not wish to pursue the matter. The PSR does not refer to any charges of falsification. Accordingly, since there was no conviction for this offense, and no resulting sentence, no criminal history points were assessed.

Third, Petitioner has attached an Order from Oregon State Circuit Court, for the County of Deschutes. The Order is dated March 3, 2006, and dismisses Petitioner's probation violation charges "in the interest of justice." The PSR does refer to the warrant for Petitioner's probation violation. (PSR, p.18 § 32). However, there was no conviction or resulting offense and therefore, there were no criminal history points assessed for this offense.

Petitioner's fourth attachment is an Order filed on March 9, 2006 dismissing the contempt charge in "97CRB02294" from the Willoughby Municipal Court Lake County, Ohio. The PSR does not reference this offense, and there were no criminal history category points for this offense.

Finally, Petitioner has attached a letter dated March 3, 2006, from the Henrico Juvenile and Domestic Relations District Court in the County of Henrico, Commonwealth of Virginia. The letter states the outstanding Capias against Petitioner has been withdrawn. Petitioner's PSR does refer to this charge, and states "[t]his warrant remains outstanding as of the writing of this report." (PSR, p. 19 § 33). No criminal history category points were assessed for this offense.

No criminal history category points were assessed for any of the offenses for which Petitioner has attached dismissal orders. Therefore, they had no effect on his resulting criminal history category or sentence.

Finally, Petitioner asserts that the guidelines are advisory.  Petitioner may be attempting to invoke a claim pursuant to <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In <u>Booker</u>, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. To the extent that the Petitioner may have asserted a claim pursuant to <u>United States v. Booker</u>, that claim is rejected as well. The Fourth Circuit, has held that <u>Booker</u> may not be applied retroactively to cases on collateral review. <u>United States v. Morris</u>, 429 F.3d 65, 71–72 (4th Cir. 2005) (holding although <u>Booker</u> is a new rule of constitutional law, it is not a watershed rule and, therefore, does not apply retroactively to cases on collateral review).

Petitioner was convicted and sentenced prior to the decision in <u>Booker</u>.  <u>Booker</u> does not apply retroactively to his case on collateral review.  Accordingly, this claim is also without merit and must be dismissed.

IV.

For the foregoing reasons, Petitioner's § 2255 motion is hereby DENIED in its entirety.  A separate order will be entered in accordance with this Memorandum Opinion.

          /s/  James R. Spencer
        CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this    17th   day of August 2006